This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Virgil Ray Snyder, appeals from the decision of the Summit County Court of Common Pleas, which, on March 25, 2002, adjudicated him a sexual predator. We affirm.
 I.
{¶ 2} The underlying offense in this case took place in July 1992. The appellant was initially charged with rape and burglary; the case was resolved when the appellant pled guilty to sexual battery. Since the conviction, the appellant has been serving his sentence in various prisons. Upon receipt of a recommendation from the Department of Rehabilitation and Correction, the trial court conducted a Sex Offender Status hearing pursuant to R.C. 2950.09(C)(2). The investigating police officer and the appellant were the sole witnesses to give testimony at the hearing. At the close of evidence, the trial court found the appellant to be a sexual predator. This appeal followed. The appellant presents one assignment of error.
 II. Assignment of Error {¶ 3} "THE TRIAL COURT'S DECISION ADJUDICATING APPELLANT A SEXUAL PREDATOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
{¶ 4} In his assignment of error, the appellant challenges the trial court's finding that he is a sexual predator. He argues that the record of the sexual predator hearing does not establish by clear and convincing evidence that the appellant was convicted of a sexually oriented offense. He further argues that the state did not demonstrate in the sexual predator hearing by clear and convincing evidence that the appellant is likely to commit a sexually oriented offense in the future. In response, the appellee reiterates the factors used by the court in its determination and states that the factors "amply justify the determination that appellant is a sexual predator."
{¶ 5} Because the appellant was sentenced prior to the effective date of R.C. 2950.09 and remained imprisoned after the effective date, the trial court conducted a sexual predator hearing under R.C. 2950.09(C). A sexual predator is defined as "a person who has been convicted or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). In making a determination as to whether an offender is a sexual predator, the court shall consider all relevant factors, including, but not limited to, all of the following:
{¶ 6} (a) The offender's age;
 {¶ 7} (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 8} (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 9} (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 10} (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 11} (f) If the offender previously has been convicted of or pleaded guilty to a criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 12} (g) Any mental illness or mental disability of the offender;
 {¶ 13} (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 14} (i) Whether the offender during the commission of the sexually oriented offense for which sentence is to be imposed displayed cruelty or made one or more threats of cruelty;
 {¶ 15} (j) Any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3).
{¶ 16} In order for a sexual offender to be labeled a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to be a repeat sexual offender in the future. Statev. Eppinger (2001), 91 Ohio St.3d 158, 163. The standard of clear and convincing evidence requires a degree of proof that produces a firm belief or conviction as to the allegations sought to be established. Id. "On appeal, this court must review whether the evidence presented at the hearing, if believed, was sufficient to lead a reasonable trier of fact to conclude by clear and convincing evidence that the defendant is a sexual predator." State v. Royston (Dec. 15, 1999), 9th Dist. No. 19182, at 20, appeal not allowed (2000), 88 Ohio St.3d 1481.
{¶ 17} As to the appellant's first argument, R.C. 2950.01(D)(1)(a) defines a violation of R.C. 2907.03 (sexual battery) as a "sexually oriented offense." The appellant pled guilty to a charge of R.C. 2907.03, and therefore, contrary to his argument, he has been convicted of a sexually oriented offense.
{¶ 18} To determine whether the appellant was likely to re-offend, the trial court reviewed the facts of the case in the hearing. It was determined through testimony that at the time of the assault, the appellant was 24 years old, and the victim was 34. The investigating police officer testified that the victim described the appellant as "her on-again/off-again live-in spouse." The appellant and the victim have children together. The victim told investigators that after getting her children off to school, she went back to bed. She awoke to find the appellant in her bedroom holding a fishing knife. He ran the knife over her body and cut away her underpants with the knife. The appellant threatened the victim with the knife and forced her to have sex with him. The victim stated that the appellant bit her on the forearm. The victim had bruises and contusions and required medical attention after the attack.
{¶ 19} The trial court found in its judgment entry that the appellant used a knife in forcing the victim to have sex with him, the victim sustained injuries, and the appellant has a prior criminal conviction. The trial court found this to be clear and convincing evidence of a likelihood to repeat a sexually oriented offense. Not included in the judgment entry, but on the record, the court spoke of past convictions for offenses of a nonsexual nature, a display of cruelty or threats of cruelty during the commission of the offense at issue, and "additional behavioral characteristics," to wit: the injuries to the victim and the use of a knife.
{¶ 20} We find that the trial court's findings of a conviction of a sexually oriented crime and the likelihood to re-offend are supported by clear and convincing evidence. The appellant's sole assignment of error is overruled.
 III.
{¶ 21} Having overruled the appellant's sole assignment of error, we affirm the decision of the Summit County Court of Common Pleas.
WHITMORE, J., BATCHELDER, J. CONCUR.